**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

IN RE: FRED N. STANCIL AND                     CASE NO. 4:14MC00002 JLH
LINDA STANCIL, DEBTORS

**OPINION AND ORDER**

Linda Faye Stancil previously commenced an employment discrimination action, *Linda Faye Stancil v. Stephen L. LaFrance Pharmacy, Inc., d/b/a USA Drug; and David Rainbolt*, No. 4:12CV00135 JLH.  Before commencing that action, Stancil had filed a voluntary bankruptcy petition.  During the course of the bankruptcy proceedings, she failed to disclose the existence of this claim.  The defendants in the employment discrimination case eventually learned of the bankruptcy proceedings and moved to dismiss this action, arguing that Stancil lacked standing to pursue this action inasmuch as her claim was the property of the bankruptcy estate and could be pursued only by the Trustee.  The Trustee then filed a motion to be substituted as the plaintiff as the real party in interest.  While those motions were pending, the Trustee and the defendants settled the claim.  When the Court received notice that the claim had been settled, the Court ordered the Clerk to terminate this action administratively pending approval of the settlement by the bankruptcy court.

Luther Sutter, who represented Stancil in the employment discrimination case, has filed a motion to withdraw the reference and to consolidate the bankruptcy proceeding with the employment discrimination case.

The statute provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The Honorable Kristine G. Baker has recently explained that this subsection of the statute includes both a discretionary provision and a mandatory provision:

> The first sentence outlines the discretionary provision; withdrawal of the reference may be accomplished "for cause shown" upon "timely motion of any party" or upon the court's own motion. The second sentence outlines the mandatory provision; withdrawal of the reference is required "on timely motion of a party" if the court determines that, in order to resolve the bankruptcy case, the court would also have to consider "other laws of the United States regulating organizations or activities affecting interstate commerce."

*Calderon v. Bank of America Corp.*, No. 4:13MC00005 KGB, 2013 U.S. Dist. LEXIS 62912, at *3 (E.D. Ark. May 2, 2013) (quoting 28 U.S.C. § 157(d)) (internal citations omitted). "Where . . . the only federal law at issue is the Bankruptcy Code itself, withdrawal is generally discretionary." *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir. 1985). Whether to approve the settlement between the Trustee and the defendants presents issues that arise under the bankruptcy code, so whether to withdraw the reference is discretionary.

"To grant a motion to withdraw the reference under the discretionary provision, the court must determine whether the motion was 'timely' and the party has shown 'cause' for the withdrawal." *Calderon*, 2013 U.S. Dist. LEXIS 62912, at *4. The moving party, Sutter, bears the burden of proof on both issues. *Id*.

> Courts consider a number of factors in determining whether there is cause for withdrawing the reference. They include whether the claims asserted are core or non-core, the delay and costs to the parties, the efficient use of judicial resources, the uniformity of bankruptcy administration, the prevention of forum shopping, and the presence of a jury demand.

*Id*. at *4-5. The determination of whether to approve the proposed settlement is a core proceeding because it is a matter concerning the administration of the bankruptcy estate. *In re Ontos, Inc.*, 478 F.3d 427, 433 (1st Cir. 2007). The efficient use of judicial resources as well as delay and costs to the

parties weigh in favor of not withdrawing the reference, because the bankruptcy court has already directed notice to creditors and interested parties, and that step would have to be repeated if the reference were withdrawn.  Furthermore, the bankruptcy court is in the best position to provide uniform administration of the bankruptcy code and is best situated to determine whether the proposed settlement is in the best interest of all of the creditors.  In summary, the factors to be considered weigh overwhelmingly in favor of not withdrawing the reference.

The motion to withdraw the reference is denied.  Document #2.

IT IS SO ORDERED this 19th day of February, 2014.

*/s/ J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE